AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

Michael Ostolski

*Defendants*

Case No. 23-MJ-5179

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between in or about August 2021 and September 2023, in the Western District of New York, the defendant did knowingly and willfully combine, conspire, and agree with others, known and unknown, to commit the following offenses, that is, to possess with intent to distribute, and to distribute, oxymorphone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and all in violation of Title 21, United States Code, Section 846.

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

*Complainant's signature*

HEATHER M. GLENN
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to and signed telephonically.

Date: October 4, 2023

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE     )  SS:
CITY OF BUFFALO    )

**HEATHER M. GLENN**, a Task Force Officer of the Drug Enforcement Administration ("DEA"), United States Department of Justice, Buffalo, New York, having been duly sworn, states:

1. I am a Police Detective employed by the Lockport Police Department for over 15 years. I was previously assigned as a deputized Officer with the Niagara County Drug Task Force from August of 2020 until July of 2021. I began my assignment as a Task Force Officer ("TFO") with the DEA in the Buffalo District Office ("BDO") on July 8, 2021. I am presently assigned to the DEA BDO Tactical Diversion Squad ("TDS") Group, and, as such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 801, et. seq.

2. During my law enforcement career, I have participated in numerous investigations targeting individuals engaging in the trafficking and distribution of narcotics. Based on my training, experience in law enforcement, conversations with DEA Special Agents ("SAs") and TFOs, and other law enforcement officers, I am familiar with how

controlled substances are cultivated, manufactured, processed, packaged, distributed, sold and used by individuals involved in drug trafficking activities, and how drug traffickers use electronic communications to facilitate their illegal activities. As a result of my training and experience, I am familiar with the language, conduct and customs of people engaged in narcotics transactions conspiracies. My investigative experience, as well as the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

3. I make this Affidavit in support of an application for a Criminal Complaint charging **MICHAEL OSTOLSKI** with violating Title 21, United States Code, Section 846, conspiracy to possess and distribute a controlled substance.

4. This information is based upon my DEA investigation, review of police reports from the Lockport Police Department and the Niagara Falls Police Department, other documents, and my investigation and conversations with law enforcement officers.

5. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have only set forth facts that I believe are necessary to establish probable cause to demonstrate that **MICHAEL OSTOLSKI** conspired with others to possess with intent to distribute and to distribute controlled substances in violation of Title 21, United States Code, Section 846.

## BACKGROUND

6. **MICHAEL J. OSTOLSKI** is a nurse practitioner registered with the DEA under DEA Number MO0252560. **OSTOLSKI** works at Acacia Family Health NP PLLC in Lockport, New York. **OSTOLSKI** has been authorized by the DEA to engage in the prescribing and dispensing of controlled substances.

7. The DEA BDO TDS learned that **OSTOLSKI** was over-prescribing oxymorphone (a schedule II controlled substance) dosage units to select patients with an agreement that those co-conspirator patients would, in return, sell all or a portion of the prescribed pills for a financial profit. That profit was expected to be given back to **OSTOLSKI**. Specifically, **OSTOLSKI** was prescribing 40 mg dosage units to the majority of his co-conspirator patients. The co-conspirator patients were expected to return bulk currency to **OSTOLSKI** upon their next monthly office visit. The office visits were being billed to insurance including Medicare and Medicaid, and the bulk currency was not payment for the visit itself.

8. Prescription Drug Monitoring Profile ("PDMP") data from the New York State Department of Health Bureau of Narcotics Enforcement between August 2021 and September 2023 further revealed the extent of **OSTOLSKI's** prescribing practices. During that time period, **OSTOLSKI** prescribed his co-conspirator patients collectively approximately 123 controlled substance prescriptions of oxymorphone. The approximately 123 controlled substance prescriptions totaled in excess of 13,000 oxymorphone pills.

## CONTROLLED PURCHASES FROM CO-CONSPIRATOR

9. In May 2023, law enforcement conducted several controlled purchases of oxymorphone tablets from a patient and co-conspirator of **OSTOLSKI** utilizing a Confidential Source. Law enforcement executed a search warrant at the patient's residence. The patient then became a DEA Confidential Source (hereinafter CS).

## CONTROLLED OFFICE VISITS WITH OSTOLSKI

10. Over a period of time thereafter, law enforcement conducted multiple controlled office visits with **OSTOLSKI** utilizing the CS. Audio and video evidence was obtained from each visit. These visits demonstrated that on each occasion, **OSTOLSKI** received bulk cash payments (DEA Official Advanced Funds) from the sale of a portion of the oxymorphone prescriptions issued to the CS by **OSTOLSKI**.

11. While on video, **OSTOLSKI** also acknowledged the identities of other co-conspirators who were similarly selling oxymorphone pills that were obtained by prescriptions issued by **OSTOLSKI**. Moreover, **OSTOLSKI** provided advice to the CS on the distribution of these narcotics, including on matters such as how to obtain more pills for sale and how to maximize profits.

12. A few days after each office visit, the CS, under the guidance and direction of DEA agents, retrieved a filled prescription written by **OSTOLSKI** from a pharmacy. The oxymorphone pills were subsequently turned over to the DEA and sent to the DEA Forensic Laboratory for analysis and storage.

**WHEREFORE**, based on the foregoing, I submit that there is probable cause to believe that **MICHAEL OSTOLSKI** did knowingly and willfully combine, conspire, and agree with others, to distribute oxymorphone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

_____
HEATHER M. GLENN
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed telephonically

4th day of October 2023.

_____
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE

5